UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| EDWARD EARL NICHOLSON, Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 3:09-cv-00722-JPG-DGW |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| vs. | ) ) ) | |
| UTI WORLDWIDE, INC. and UTI INTEGRATED LOGISTICS, INC., | ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Edward Earl Nicholson, individually and on behalf of all others similarly situated, for his Complaint against defendants UTi Worldwide, Inc. and UTi Integrated Logistics, Inc. (hereinafter collectively "UTi"), allege as follows:

**Nature of Case**

1. UTi employs thousands of hourly employees as forklift operators at its numerous expansive warehouses and shipping facilities around the United States, including warehouses and shipping facilities located within the Southern District of Illinois. During the relevant time periods preceding this action, UTi required these employees to work before their paid shifts donning special clothing and protective gear, locating forklifts, inspecting forklifts, completing inspection documents, changing forklift batteries, logging into computer systems and applications, obtaining supplies, and driving or walking to assigned work areas. Additionally, special tasks such as replacing pallets

1

and arranging work areas were sometimes required of the forklift drivers prior to their paid shifts. Such tasks are preparatory, integral and indispensable to performance of the assigned job duties of Plaintiff and others similarly situated. UTi also requires Plaintiff and other similarly situated employees to work during unpaid lunch breaks. As such, UTi received substantial unpaid labor from its forklift operators. Plaintiff seeks to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and Illinois law.

## Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Illinois law authorizes court actions by private parties to recover damages for violation of the Illinois Minimum Wage Law ("IMWL"). 820 ILCS § 105/12(a). Jurisdiction over the state law claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1367 and 820 ILCS § 105/12(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because UTi does business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

5.      Plaintiff Edward Earl Nicholson has been employed by UTi as a forklift operator at its warehouse and shipping facility located in Madison County, Illinois since approximately November 15, 2008.  Plaintiff's consent to be a party plaintiff to an FLSA action is attached hereto as "Exhibit 1."

6.      Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated forklift operators employed by UTi within the last three (3) years.

7.      Plaintiff brings Counts II of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.*; 28 U.S.C. § 1367; and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated forklift operators employed by UTi in Illinois within the last three (3) years.

8.      Plaintiff brings Counts III through V of this lawsuit as a class action under Illinois common law, 28 U.S.C. § 1367 and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated forklift operators employed by UTi in Illinois within the last five (5) years.

9.      Defendant UTi Worldwide, Inc. is a publicly-traded international warehousing and shipping provider that operates numerous expansive warehouses and shipping facilities around the United States including warehouses and shipping facilities in Madison County, Illinois, which falls within the Southern District of Illinois.

10.     Defendant UTi Integrated Logistics, Inc. is a warehousing, shipping and logistics provider that operates numerous expansive warehouse and shipping facilities

around the United States including warehouse and shipping facilities in Madison County, Illinois, which falls within the Southern District of Illinois.

11. Together Defendants form a single-integrated enterprise and maintain a joint-employer relationship.

### General Allegations

12. UTi requires Plaintiff and similarly situated employees to perform work before their paid shifts without compensation. These employees consistently worked "off the clock" and without pay. Accordingly, Plaintiff and all similarly situated employees are entitled to compensation for the time spent working before their paid shifts.

13. UTi requires its forklift operators to start work before the beginning of their paid shifts including donning special clothing and protective gear, locating forklifts, inspecting forklifts, completing inspection documents, changing forklift batteries, logging into computer systems and applications, obtaining supplies, and driving or walking to assigned work areas. Additionally, special tasks such as replacing pallets and arranging work areas were sometimes required of the forklift drivers prior to their paid shifts.

14. Daily forklift inspections performed during unpaid time include starting the forklift, checking battery power, checking the battery line, checking hydraulics, visual inspection for damage, logging mileage, ensuring operation of the on-board computer, and completing an inspection form including reporting of exceptions.

15. Changing forklift batteries, the sole source of power, encompasses donning a protective face shield and apron, disconnecting and removing an insufficiently-charged battery, delivering that battery for charging, and installing a replacement battery.

4

16. All such tasks are substantial, preparatory, integral and indispensable to performing the assigned job duties of Plaintiff and others similarly situated.

17. UTi also requires Plaintiff and other similarly situated employees to work during unpaid lunch breaks.

18. UTi has paid Plaintiff and other forklift operators on an hourly basis and classified them as "non-exempt" under the FLSA.

19. UTi did not accurately record all time worked by its forklift operators, and specifically did not include time these employees spent performing work before their paid shift and during unpaid lunch breaks.

20. On information and belief, UTi adhered to the same policies and practices with respect to its forklift operators at all of its warehouse and shipping facilities.

21. The net effect of UTi's policies and practices, instituted and approved by company managers, is that UTi willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and / or payroll records to save payroll costs. UTi thus enjoyed substantial ill-gained profits at the expense of its hourly employees.

### Collective and Class Action Allegations

22. Plaintiff brings Count I (the FLSA claim) as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who file a consent to join form with the Court.

23. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, UTi's practice of failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may

be determined from UTi's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

24. Plaintiff brings Counts II through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former forklift operators employed by UTi in Illinois within the applicable statutes of limitations.

25. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

26. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

27. The class satisfies the numerosity standards. The Class consists of hundreds of persons who are believed to be geographically dispersed in various locations around the state of Illinois. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

28. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from UTi's actions include, without imitation, the following:

> (i) Whether UTi failed to pay Class members wages and overtime required under 820 ILCS § 105/1 *et* seq.,

  (ii) Whether UTi failed to fully and accurately record the hours worked by Class members as required under 820 ILCS § 105/8,

  (iii) Whether contracts existed between UTi and Class members requiring payment of wages,

  (iv) Whether UTi breached and violated contracts with Class members by failing to pay required wages for time worked,

  (v) Whether UTi is liable to Class members in quantum meruit, and

  (vi) Whether UTi has been unjustly enriched by its failure to pay Class members for time worked.

29. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30. Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same forklift operator positions as Plaintiff and the Class was subject to the same unlawful practices as Plaintiff.

31. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

7

32. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

33. Plaintiff reasserts and re-alleges the allegations set forth above.

34. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

35. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36. UTi is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

37. UTi violated the FLSA by failing to pay for overtime worked. In the course of perpetrating these unlawful practices, UTi also willfully failed to keep accurate records of all hours worked by its employees.

38. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

39. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, UTi is applying the same unlawful compensation policy to its hourly employees in all its warehouse and shipping facilities.

40. Plaintiff and all similarly situated employees are entitled to damages equal to pay for all overtime hours worked and the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because UTi acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

41. UTi has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find UTi did not act willfully in failing to pay overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by UTi from Plaintiff and all similarly situated employees. Accordingly, UTi is liable under 29 U.S.C. §

216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against UTi and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Illinois Minimum Wage Law

43. Plaintiff reasserts and re-alleges the allegations set forth above.

44. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

45. The IMWL regulates, among other things, the payment of regular wages and overtime by employers, subject to limited exemptions not applicable herein.  820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

46. During all times relevant to this action, UTi was the "employer" of Plaintiff and the Class within the meaning of the IMWL.  820 ILCS §§ 105/3(c) & (d).

47. During all times relevant to this action, Plaintiff and the Class were UTi's "employees" within the meaning of the IMWL.  820 ILCS § 105/3(d).

48. The IMWL exempts certain categories of employees from Illinois overtime obligations, none of which apply to Plaintiff or the Class.  820 ILCS § 105/3(d).

49. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the

regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.  820 ILCS § 105/4a(1).

50.     UTi, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and other similarly situated employees regular and overtime wages required under the IMWL law.  820 ILCS § 105/4a(1).  In the course of perpetrating these unlawful practices, UTi has also failed to keep accurate records of the hours worked each day and each workweek by its employees as required under the IMWL.  820 ILCS § 105/8.

51.     Plaintiff and the Class are victims of a uniform and employer-based compensation policy.  On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Class members at all UTI's warehouse and shipping facilities in Illinois.

52.     Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime wages due within three (3) years preceding the filing of this Complaint plus periods of equitable tolling.  820 ILCS § 105/12(a).

53.     Plaintiff and all similarly situated employees are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid.  820 ILCS § 105/12(a).

54.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

55.     UTi is liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against UTi and pray for: (1) compensatory damages; (2) additional damages equal to two percent (2%) per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count III – Breach of Contract

56. Plaintiff reasserts and re-alleges the allegations set forth above.

57. During times relevant, Plaintiff and all others similarly situated entered into contracts with UTi in which they agreed to perform employment services as part of their employment by UTi and UTi agreed to compensate such persons for all time worked based on specified hourly rates of regular and overtime pay (hereinafter "the Contracts").

58. UTi breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for all time worked.

59. Prior to UTi's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

60. As a direct result of UTi's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

61. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime compensation earned within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

62. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated employees demand judgment against UTi and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count IV – Quantum Meruit

63. Plaintiff reasserts and re-alleges the allegations set forth above.

64. Plaintiff and others similarly situated rendered employment services to UTi.

65. UTi received the benefits of the employment services provided by Plaintiff and others similarly situated.

66. UTi's retention of those services without providing compensation in exchange would be unjust.

67. UTi has thereby been unjustly enriched and / or Plaintiff and others similarly situated have been damaged.

68. The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

69. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages and overtime compensation due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

70. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated employees demand judgment against UTi and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count V – Unjust Enrichment

71. Plaintiff reasserts and re-alleges the allegations set forth above.

72. Plaintiff and others similarly situated provided employment services to UTi and thereby conferred benefits on UTi.

73. UTi appreciated the benefits and / or had knowledge of the benefits.

74. UTi accepted and retained the benefits in circumstances that render such retention inequitable without payment of the value of the benefits.

75. UTi has thereby been unjustly enriched and / or Plaintiff and others similarly situated have been damaged.

76. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages and overtime compensation due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

77. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated

employees demand judgment against UTi and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

WEINHAUS & POTASHNICK
/s/ Mark A. Potashnick
Mark A. Potashnick (Ill. Bar # 6271083)
Ilya I. Ruvinskiy (bar application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170

STUEVE SIEGEL HANSON LLP
George A. Hanson (MO Bar #43450)
(*pro hac vice* application forthcoming)
Richard M. Paul III (MO Bar # 44233)
(*pro hac vice* application forthcoming)
Jack D. McInnes (MO Bar #56904)
(*pro hac vice* application forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**ATTORNEYS FOR PLAINTIFFS**