THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD EARL NICHOLSON, | ) | |
| Individually and on behalf of all | ) | |
| Others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:09-cv-722-JPG-DGW |
| | ) | |
| UTI WORLDWIDE, INC. and UTI | ) | |
| INTEGRATED LOGISTICS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This cause has come before the Court upon the motion of defendants UTi Worldwide,

Inc. and UTi Integrated Logistics, Inc. (collectively "UTi") seeking dismissal of plaintiff Edward

Earl Nicholson's Amended Complaint with prejudice (Doc. 22) pursuant to Federal Rule of Civil

Procedure 12(b)(6).  Nicholson has responded to the motion (Doc. 28), and UTi has replied to

that response (Doc. 31).

**I.      Dismissal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all

allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to

state a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the

claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555;  *see EEOC v. Concentra

Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl.*, 550 U.S. at 556).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  It must plead facts that "raise a right to relief above the speculative level." *Id.*

## II.    Factual Allegations

Beginning in November 2008, Nicholson began working for UTi as a forklift operator in one of its warehouses in Madison County, Illinois.  As such, he was an hourly worker protected by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*  During his employment, UTi required its forklift operators to "work before their paid shifts donning special clothing and protective gear, locating forklifts, inspecting forklifts, completing inspection documents, changing forklift batteries, logging into computer systems and applications, obtaining supplies, and driving or walking to assigned work areas."  Am. Compl. ¶ 1.  He and other forklift operators were sometimes required to replace pallets and arrange work areas before their paid shifts began, and were required to work during unpaid lunch breaks.  *Id.*  He does not plead any more specifics, giving no estimate of the magnitude or frequency of time he worked outside his paid shift or his wage rate at the relevant times.

Nicholson filed this lawsuit in September 2009.  His amended complaint alleges five causes of action:  a claim for failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207(a)(1) (Count I); a claim for failure to pay regular and overtime wages in violation of the IMWL, 820 ILCS § 105/4(a)(1) (Count II); and state common law claims for breach of contract

2

(Count III), quantum meruit (Count IV) and unjust enrichment (Count V), all three of which seek unpaid regular and overtime wages.  He also asserts he should be allowed to file a collective action in Count I under 29 U.S.C. § 216(b) and a class action in Counts II through V under Federal Rule of Civil Procedure 23 on behalf of those similarly situated to him.

UTi asks the Court to dismiss Nicholson's claims on the grounds that he has not pled sufficient facts under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) to state a cause of action.  It further claims that he is not entitled to bring a private cause of action for a record-keeping violation under the FLSA or the IMWL, that his quantum meruit (Count IV) and unjust enrichment (Count V) claims are preempted by the FLSA, and that he has pled insufficient facts to justify a collective or class action.  On the other side, Nicholson asserts he has satisfied the liberal federal notice pleading standard even in light of *Bell Atlantic* and *Iqbal*, that he has not alleged a claim for a record-keeping violation, that his quantum meruit and unjust enrichment claims are proper because they were intended to be pled in the alternative, and that his class allegations are sufficient.

## III.    Analysis

### A.    Sufficiency of Pleading Individual Claims

The FLSA and the IMWL require employers to pay employees one and one-half times his regular hourly wage for hours worked beyond forty hours in one week.  29 U.S.C. § 207(a)(1); 820 ILCS § 105/4a(1).  The IMWL also provides that, for the time period relevant to this case, employers must pay employees at least an average wage of $ 7.75 per hour on or before June 30, 2009, and $8.00 per hour on or after July 1, 2009.  820 ILCS § 105/4(a)(1).  UTi argues Nicholson has not sufficiently pled these statutory claims and related common law claims under the revised pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

While *Bell Atlantic*, and *Iqbal* modified federal pleading requirements, they did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atlantic*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original);  *accord Vincent v. City Colleges of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007).

UTi argues that Nicholson's claims should be dismissed because he failed to allege the amount of unpaid wages allegedly due to him.  Specifically, UTi argues Nicholson must allege the number and approximate dates of the unpaid hours he worked, his hourly wage and sufficient information for the Court to be able to calculate the damages.  It also faults Nicholson for failing to allege sufficient facts to establish the overtime was not subject to the *de minimis* exception to the FLSA's wage requirements.  *See Gonzalez v. Farmington Foods, Inc.*, 296 F. Supp. 2d 912, 927 (N.D. Ill. 2003).  In support of this argument, it points to a handful of cases holding that an FLSA plaintiff must plead details of their wage claims.  *See, e.g., Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007);  *Villegas v. J.P. Morgan Chase & Co.*, No. C 09-00261 SBA, 2009 WL 605833 (N.D. Cal. Mar. 9, 2009);  *Bailey ex rel. v. Border Foods, Inc.*, No. 09-1230 (RHK/AJB), 2009 WL 3248305 (D. Minn. Oct. 6, 2009);  *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008).

For example, in *Zhong* , a plaintiff sued on behalf of himself and others similarly situated alleging their employer withheld overtime compensation and minimum wages required by the

FLSA. *Zhong*, 498 F. Supp. 2d at 627. The *Zhong* court noted that an unpaid minimum or overtime wage complaint "should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due," and that, while the plaintiff had not specifically made such allegations with respect to his minimum wage claim, he alleged facts from which these figures could be deduced. *Id.* at 629-30. The minimum wage claim was therefore sufficiently pled. *Id.* at 630.

The court found the allegations of unpaid overtime wages to be insufficient, however, because the complaint alleged the plaintiff worked twenty hours a week and overtime was only due for hours over forty per week. *Id.*; *see* 29 U.S.C. § 207(a)(1). Citing a pre-*Bell Atlantic* unpublished district court case, the *Zhong* court noted that "'[s]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA.'" *Id.* (citing *Acosta v. Yale Club of N.Y. City*, No. 94-CV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995)). The *Zhong* court further held the complaint failed to make the "'modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law.'" *Zhong*, 498 F. Supp. 2d at 630 (citing *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)).

On the other side, Nicholson points to cases holding no such factually detailed pleading is necessary. *See, e.g., McDonald v. Kellogg Co.*, No 08-2473-JWL, 2009 WL 1125830 (D. Kan. Apr. 27, 2009); *Secretary of Labor v. Labbe*, 319 Fed. App'x 761 (11th Cir. 2008) (*per curiam*); *Xavier v. Belfor USA Group., Inc.*, No. 06-491, 2009 WL 411559 (E.D. La. Feb.13, 2009); *Puleo v. SMG Prop. Mgmt. Inc.*, No. 6:08-cv-86-Orl-22DAB, 2008 WL 3889727 (M.D. Fla. Aug. 20, 2008); *Uribe v. Mainland Nursery, Inc.*, No. 2-07-0229-FCD-DAD, 2007 WL 4356609 (E.D. Cal. Dec.11, 2007).

In *McDonald* and the other cases cited, the court rejected the notion that *Bell Atlantic* requires extensive, detailed pleading of FLSA claims. *McDonald*, 2009 WL 1125830 at *1. *McDonald* held that the plaintiff's allegation that the defendant "has violated the FLSA through its policy and practice of refusing to pay employees, including plaintiffs, the appropriate rate for hours worked in excess of forty hours per week" satisfied the federal notice pleading standard, even after *Bell Atlantic*. *Id.* at *2. In so holding, the court relied on a decision of the Fourth Circuit Court of Appeals, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005), which stated:

> We reemphasize that a complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim. Thus, the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant to prepare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond.

*Id.* at 349 (emphasis in original; citations and quotations omitted).

Heeding the advice of *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005), this Court asks itself what rule of law *requires* Nicholson to allege his unpaid hours worked, the approximate dates he worked off the clock, his hourly wage and facts necessary to calculate damages. It cannot find a rule to answer that question. While *Zhong* may be right that a plaintiff *should* plead his rate of pay and the wages due, no rule *requires* that he do so. On the contrary, notice pleading is still alive and well in federal courts, and under that standard a plaintiff need only provide enough details to give the defendant fair notice of the claim and to show that the claim is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008). While complex claims like the antitrust claim at issue in *Bell Atlantic* or claims that rely on proof of knowledge or intent like the civil rights claim at issue in *Iqbal* may require a fuller set of factual allegations

6

to render them plausible, simple claims do not.  *See id.* at 1082-85 (sex discrimination and Equal Pay Act claims);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781-82 (7th Cir. 2007) (sex discrimination).  All that is required is enough to give the defendant "sufficient notice to enable him to begin to investigate and prepare a defense" to a plausible claim.  *Tamayo*, 526 F.3d at 1085.

Nicholson's complaint gives UTi fair notice of his unpaid overtime claims and suggests he is entitled to relief.  The complaint alleges sufficient facts to establish Nicholson's employment was covered by the FLSA's and the IMWL's wage and hour rules.  Although he does not specifically allege he worked more than forty hours in one week, he alleges he worked "overtime."  Viewing that allegation in Nicholson's favor and in the context of the pleading, the Court construes that to mean more than forty hours a week.  Unlike the situation in *Zhong*, no allegation directly contradicts this inference.  Thus, it is reasonable.  In addition, Nicholson has listed specific tasks he performed off the clock without pay before work and during lunch breaks, and described some of the tasks in sufficient detail to suggest they were not *de minimis* or preliminary or postliminary to his paid work.  The details of dates, times and allegedly unpaid overtime wages can – and indeed must, if Nicholson wants to prevail – be fleshed out later in the case.  They need not, however, be pled in the complaint.

As for Nicholson's IMWL claim for failure to pay minimum wage, he has not pled facts that suggest UTi violated the law.  Generally, minimum wage laws like the IMWL have been construed to apply to the work week unit.  That means that as long as an employee's total weekly wage is equal to or greater than his  hours worked multiplied by the minimum hourly rate, the employer has satisfied the minimum wage requirement.  *See Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) (FLSA context);  *Morgan v. SpeakEasy,*

*LLC*, 625 F. Supp. 2d 632, 651 (N.D. Ill. 2007) (FLSA and IMWL context; holding "minimum wage is to be calculated on a workweek basis").  For example, if Nicholson's hourly wage for the first week of July 2009 was $20, and he worked 40 hours but was paid for only 35 of those hours ($20/hour x 35 hours = $700), his average hourly wage would be $17.50 ($700 ÷ 40 hours = $17.50/hour).  Since $17.50/hour is greater than $8.00/hour, the statutory minimum wage, there would be no minimum wage violation even if some of Nicholson's work time was technically uncompensated.  *See, e.g., Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449, *5 (N.D. Ill. Aug. 17, 2004).

Here, Nicholson has not pled any facts to plausibly suggest that in any week his real hourly wage was less than $7.75 on or before June 30, 2009, or less than $8.00 on or after July 1, 2009.  Simply pleading that he has worked overtime or time off the clock is not sufficient to plausibly suggest his weekly wage was less than his hours worked multiplied by the applicable minimum hourly wage.  For this reason, the Court will dismiss Nicholson's minimum wage claim under the IMWL without prejudice for failure to state a claim.  Should Nicholson believe he can sufficiently allege such a claim, he may seek leave to amend his complaint to allege the claim with sufficient specificity.

For these reasons, the Court will not dismiss Nicholson's overtime claims but will dismiss his minimum wage claim under Rule 12(b)(6) for failure to state a claim.

B.    Record-keeping

UTi asks the Court to dismiss Nicholson's claim for violation of the record-keeping provisions of the FLSA, *see* 29 U.S.C. § 211(c), and IMWL, *see* 820 ILCS 105/8, on the basis that there is no private cause of action for those violations.  It is true that only the Administrator of the Wage and Hour Division of the United States Department of Labor can bring a record-

8

keeping enforcement action under the FLSA.  *See* 29 U.S.C. § 211(a);  *Heitmann v. City of Chi.*, 560 F.3d 642, 644 (7th Cir. 2009).  It is also true that the private cause of action created by the IMWL does not authorize private suits for record-keeping violations.  *See* 820 ILCS 105/12(a). Tacitly acknowledging this, Nicholson claims he has not pled any cause of action for record-keeping violations and has only mentioned the alleged violations to support his claim that UTi's alleged violations were willful.

The Court has reviewed the complaint and understands that it could be construed to assert record-keeping violations.  Indeed, the complaint states at one point, "Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging . . . UTi's practice of failing to accurately record . . . all overtime hours worked."  Am. Compl. ¶ 23. Because the plaintiff cannot bring a cause of action for record-keeping violations, the Court will dismiss those claims with prejudice.

C.    Preemption

UTi argues Nicholson's quantum meruit and unjust enrichment claims are preempted by – that is, duplicative of – the FLSA because they are based on the same facts supporting his FLSA and IMWL claims.  Nicholson contends he can maintain such actions (1) as alternatives to his FLSA claim and (2) because in those claims he seeks compensation for "gap time" for which the FLSA provides no relief.  Payment for "gap time" refers to compensation for hours worked (1) before the employee reaches the forty-hour per week overtime threshold, so it cannot violate overtime compensation laws, and (2) at a rate that averages out to more than the applicable minimum wage, so it cannot violate minimum wage laws.  *See Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449, *5 (N.D. Ill. Aug. 17, 2004).  Claims for "gap time" compensation at regular wages are not cognizable under the FLSA or the IMWL.

If a state common law claim is directly covered by the FLSA, the FLSA preempts that claim. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007); *Sorensen v. CHT Corp.*, No. 03 C 1609, 2004 WL 442638, *5-*7 (N.D. Ill. Mar. 10, 2004). Thus, if all that is sought in a state law quantum meruit or unjust enrichment claim is unpaid overtime compensation or minimum wages that are guaranteed by the FLSA, those state law claims are preempted. However, if the state common law claim seeks something other than what the FLSA can provide, such as, for example, regular wages not paid at the contracted rate, the claim is not preempted. *See Balducci v. Chesterfield County*, No. 98-2136, 1999 WL 604040, *7 (4th Cir. 1999) (state law contract claim for failure to pay agreed wages not preempted by FLSA because those wages not recoverable under statute in the absence of overtime or minimum wage violation).

As pled, Nicholson's quantum meruit and unjust enrichment claims seek to recover unpaid compensation for "gap time" at the regular wage rate for hours worked forty hours or less per week and for overtime compensation at time and a half for hours worked over forty hours per week. To the extent Nicholson seeks overtime pay, the claim is duplicative of his FLSA claim and will be dismissed without prejudice. To the extent Nicholson seeks pay for "gap time," that claim is not cognizable under the FLSA and may survive.[1]

D.    Collective/Class Action

UTi also asks the Court to dismiss Nicholson's collective and class claims for failure to state a claim because they are alleged "upon information and belief." Nicholson argues he has

---

[1]Neither party has expressed an opinion as to whether Nicholson's equitable state law claims are subject to dismissal in light of the facts pled in his breach of contract claim and incorporated into his equitable claims, and the Court will not examine that issue *sua sponte*.

pled sufficient facts.

As a preliminary matter, pleading "on information and belief" is generally permitted as long as the pleader has a good faith basis for his statement. *Carroll v. Morrison Hotel Corp.*, 149 F.2d 404, 406 (7th Cir. 1945) (allegations based on "information and belief" construed in plaintiff's favor to "do substantial justice" under Rule 8(f) (now Rule 8(e)); *Syscon, Inc. v. Vehicle Valuation Servs., Inc.*, 274 F. Supp. 2d 975, 977 n. 1 (N.D. Ill. 2003) ("Such allegations are acceptable under the liberal, notice pleading requirements of Fed. R. Civ. P. 8(a)."). UTi has not shown that Nicholson's allegations "on information and belief" are improper.

Additionally, the complaint actually pleads more than facts "on information and belief." For example, paragraphs 12 through 19 allege as facts that Nicholson and other forklift operators were required to work overtime without overtime compensation and without regular wages during certain times, and paragraph 20 alleges, albeit on information and belief, that this was a policy of UTi. The Court must take these facts as true at this stage of the case, and for the same reasons Nicholson's individual claims are sufficiently pled, his collective or class claims are too. Whether Nicholson's FLSA claim will ultimately proceed as a collective action will be decided at the preliminary or conditional certification stage, at which time Nicholson will be required to establish that others are similarly situated to him, and at the final certification stage. *See* 29 U.S.C. § 216(b); *Jonites v. Exelon Corp.*, 522 F.3d 721, 726 (7th Cir.) (finding insufficient similarity to justify collective action under FLSA), *cert. denied*, 129 S. Ct. 198 (2008); *Fravel v. County of Lake*, No. 2:07 cv 253, 2008 WL 2704744, *2 (N.D. Ind. July 7, 2008); *Dominguez v. Don Pedro Restaurant*, No. 2:06 cv 241, 2007 WL 271567, *2 (N.D. Ind. Jan. 25, 2007). As for the non-FLSA claims, Nicholson will have to show at the class certification stage that class treatment is appropriate under Federal Rule of Civil Procedure 23.

11

IV.     **Conclusion**

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** UTi's

motion to dismiss (Doc. 22).  The Court **DISMISSES** the following claims:

•       Nicholson's claim for minimum wage violations under the IMWL (Count II) without
        prejudice;

•       Nicholson's claims for record-keeping violations under the FLSA (Count I) and the
        IMWL (Count II) with prejudice; and

•       Nicholson's quantum meruit (Count IV) and unjust enrichment (Count V) claims for
        overtime wage violations without prejudice.

**IT IS SO ORDERED.**
**Date: February 12, 2010**

                                s/ J. Phil Gilbert
                                **Judge J. Phil Gilbert**
                                **United States District Court**