UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD EARL NICHOLSON, individually and on behalf of all others similarly situated, | ) ) ) ) Case No. 3:09-cv-722-JPG-DGW |
| Plaintiff, | ) ) |
| v. | ) ) |
| UTi WORLDWIDE, INC. et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' responses to the Court's July 8, 2010, order to show cause why the existing briefing under seal should not be unsealed. Defendants UTi Worldwide, Inc. and UTi Integrated Logistics, Inc. (collectively "UTi") have responded to the order (Doc. 72), and plaintiff Edward Earl Nicholson has adopted UTi's response (Doc. 73). UTi argues that the briefing should remain under seal because it contains "confidential documents," namely, exhibits 7-11 to Nicholson's brief and exhibits I-M of its brief. Nicholson's exhibits 7 through 11 and UTi's exhibits I-M are the Wages and Hours Practices, Attendance and Punctuality, Corporate Safety Policy, Safety and Accident Policy, and Rules of Conduct Policy sections of the UTi Integrated Logistics Administration Manual. The parties do not object to unsealing the briefs themselves and other exhibits. To justify maintaining the documents under seal, the parties state that they have agreed with each other to do so.

Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). There is a

common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Though its original inception was in the realm of criminal proceedings, the right of access has since been extended to civil proceedings because the contribution of publicity is just as important there." *Grove Fresh*, 24 F.3d at 897. The common law holds that "court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." *Grove Fresh*, 24 F.3d at 897. There are exceptions, however, to the general rule of public access to court documents. For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon*, 435 U.S. at 598 (to protect business information that could harm litigant's competitive standing).

In addition to this common law right of access to court documents, there is a constitutional right of access to court records. *Grove Fresh*, 24 F.3d at 897; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). "The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Grove Fresh*, 24 F.3d at 897 (internal quotations omitted). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh*, 24 F.3d at 897 (quoting *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)). "[W]hen a court finds

that the presumption of access has been rebutted by some countervailing interest, that 'interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Grove Fresh*, 24 F.3d at 898 (quoting *Press Enter.*, 464 U.S. at 510).

The Court has reviewed the exhibits the parties seek to maintain under seal and has found that they are run-of-the-mill employment policies which the public is entitled to see if they contribute to the decisions made in this case, which they have.  The documents do not contain personal or private information about Nicholson or any other individual and do not contain any trade secrets or legitimately confidential information deserving of protection from public view. Indeed, the parties have not offered any reason for secrecy of the subject documents other than that they have agreed with each other to maintain the documents in confidence.

Because no party has articulated a legitimate reason that maintaining the secrecy of the currently sealed documents is vital and outweighs the common law and constitutional rights of the public to view the documents, the Court **DIRECTS** the Clerk of Court to **UNSEAL** the plaintiff's motion for leave to file a supplemental motion for conditional collective action certification (Doc. 58) and its exhibits, and the defendants' response to that motion (Doc. 64) and its exhibits.  The Court further **ORDERS** the parties to be more judicious with the use of their sealing capabilities when filing additional documents in this case.

**IT IS SO ORDERED.**
**Dated:  July 27, 2010**

                                              s/ J. Phil Gilbert
                                              **U.S. District Court Judge**