# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD EARL NICHOLSON, individually and on behalf of all others similarly situated, | ) ) ) ) Case No. 3:09-cv-722-JPG-DGW |
| Plaintiff, | ) |
| v. | ) |
| UTI WORLDWIDE, INC. et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Edward Earl Nicholson's motion (Doc. 119) to enforce the Court's February 17, 2010, order directing defendants UTi Worldwide, Inc. and UTi Integrated Logistics, Inc. (collectively, "UTi") to produce to the plaintiff within 20 days the names, addresses (current or last known), dates of employment and worksite locations of all forklift operators employed at any time within the past three years. UTi has responded to the motion (Doc. 130), and Nicholson has replied to UTi's response (Doc. 132).

On January 26, 2011, the Court conditionally certified a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 29 U.S.C. § 216(b), for the following group:

> All current and former hourly-paid forklift operators employed by UTi Worldwide, Inc. or UTi Integrated Logistics, Inc. in the United States during the past three years.

In a February 17, 2011 follow-up order, the Court ordered UTi to produce the names, addresses (current or last known), dates of employment and worksite locations of all forklift operators employed at any time within the past three years. UTi appears to have produced the information with respect to all direct employees whose primary duty was forklift operation, but it did not produce information with respect to forklift operators it employed through temporary staffing

agencies.

The Court's conditional certification as a collective action included certification of workers employed by a temporary staffing agency who performed work for UTi. It is clear that UTi was the employer of those types of workers under the FLSA, which defines "employee" to mean "any individual employed by an employer," 29 U.S.C. § 203(e)(1), "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and "employ" to include "suffer or permit to work." 29 U.S.C. § 203(g). These broad definitions cover some parties who might not be classified as employees in other contexts. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). Courts have noted that whether a relationship is covered by the FLSA turns on the economic realities of the working relationship rather than technical definitions relating to employment. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961).

In this case, UTi clearly permitted the temporary workers to work in its economic interest as forklift operators, side by side its direct employees, where UTi controlled the working conditions. Thus, those workers are covered by the FLSA and, using the definitions provided in the statute itself, the Court's certification of "forklift operators employed" by UTi included workers hired through temporary staffing agencies. *See, e.g., Bastian v. Apartment Inv. & Mgmt. Co.*, No. 07-C 2069, 2008 WL 4671763, *3-*4 (N.D. Ill. 2008); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 WL 779321, *3-*4 (E.D. Ark. 2010).

The Court rejects at this stage UTi's contention that some of the workers hired through temporary agencies were subject to different time-keeping policies than workers it directly hired such that they are not similarly situated for the purpose of conditional collective action certification. UTi was clearly aware at the time Nicholson sought conditional certification that

2

he intended to include temporary workers in the class, yet it did not highlight the time-keeping differences it now claims should exclude temporary workers. It may raise this issue at the second stage of collective action certification.

The Court also rejects at this stage Nicholson's argument that the Court should toll the statute of limitations for the delay in UTi's production of temporary employee information due to the uncertainty about the breadth of the class definition. The Court need not decide this issue now. Depending on who becomes a plaintiff in this litigation, the issue may not need to be resolved. Again, the Court can address that matter at the second stage of collective action certification.

For the foregoing reasons, the Court **GRANTS** the motion to enforce (Doc. 119) and **ORDERS** UTi to produce to the plaintiff within 14 days of this order the names, addresses (current or last known), dates of employment and worksite locations of all forklift operators employed through a temporary staffing agency or other such agency at any time in the three years before January 26, 2011 (when the Court conditionally certified the collective action), and not previously produced. The Court **FURTHER ORDERS** that the deadline for all consents to be filed is extended to August 26, 2011, and the deadline for the final notice setting forth a list of all plaintiffs is extended to September 2, 2011. <u>A copy of the final notice of plaintiffs must also be submitted to the Court's proposed document box in a format compatible with WordPerfect</u>. Any request for an alternation of this schedule or any complaints about compliance shall be directed to Magistrate Judge Donald G. Wilkerson, the magistrate judge assigned to this case.

**IT IS SO ORDERED.**
**Dated:  April 18, 2011**

                s/ J. Phil Gilbert  
                **U.S. District Court Judge**