# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD EARL NICHOLSON, individually and on behalf of all others similarly situated, | )<br>)<br>) Case No. 3:09-cv-722-JPG-DGW |
| Plaintiff, | ) |
| v. | ) |
| UTI WORLDWIDE, INC. et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants UTi Worldwide, Inc. and UTi Integrated Logistics, Inc. (collectively, "UTi") to dismiss consents (Doc. 180). The plaintiffs have responded to the motion (Doc. 184), and UTi has replied to that response (Doc. 186).

UTi argues that some consents to join as plaintiffs in Count 1 of this case, the conditionally certified collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 29 U.S.C. § 216(b), were returned by putative plaintiffs beyond the 60-day return period set forth in the conditional collective action certification notice. The notice provides that to join this action, a plaintiff must mail his consent to join within 60 days of the date the notice was mailed. That notice was sent out to forklift operators directly employed by UTi on March 18, 2011, so those potential plaintiffs were required to mail their consents to join by May 17, 2011. UTi points to 34 specific examples of names that were provided to Nicholson for the March 18 mailing and their corresponding consent forms that were dated after May 17, 2011. It believes the plaintiffs are misconstruing the Court's extension of the deadline for *filing* all consents with the Court – made necessary because of a second round of notice mailing to forklift operators

indirectly employed by UTi through temporary staffing agencies – as an extension of the deadline for plaintiffs' *mailing* consents to plaintiffs' counsel. UTi further complains that the plaintiffs' counsel has posted this and other misleading information regarding this FLSA collective action on its website. The plaintiffs argue the extension of the filing deadline also extended the mailing deadline and that interpreting the extension otherwise would create problems within the class.

The plaintiffs' interpretation of the deadlines is incorrect. By approving the notice, the Court set a deadline of 60 days from the date of the notice mailing for plaintiffs to mail their consents to join. Thus, someone to whom a notice was mailed on March 18, 2011, must have mailed a consent to join on or before May 17, 2011, in order to become a plaintiff in the FLSA collective action. The deadline for filing the consents with the Court is a different deadline and serves a different purpose. That filing deadline was extended to accommodate responses to later mailed notices to forklift operators employed by UTi through temporary staffing agencies, not to extend the 60-day mailing deadline in the notice itself. Thus, potential plaintiffs to whom notice was mailed on March 18, 2011, who returned consents after May 17, 2011, cannot be plaintiffs in this FLSA collective action.

For this reason, the Court **GRANTS** the motion to dismiss (Doc. 180) and **STRIKES** Documents 165-178. To the extent these documents contain timely returned consents, the plaintiffs may refile them before the September 9, 2011, filing deadline. The Court **ORDERS** the plaintiffs to file on or before July 29, 2011, a list of any additional plaintiffs to whom notice was mailed in the initial mailing, who returned consents after May 17, 2011. The notice shall be in the following format:

| Name<br>(Last, First; in alpha order) | Date consent mailed | Date consent filed | Docket number of consent |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

The Court **FURTHER ORDERS** the plaintiffs to refrain from filing any further consents from plaintiffs who did not meet the consent mailing deadline. The Court notes that plaintiffs who untimely mailed consent forms have not forfeited any of their substantive rights under the FLSA or any other laws; they have simply forfeited their right to participate in this collective FLSA action.

The Court **FURTHER ORDERS** the plaintiffs' counsel to remove from their website within 48 hours any information about this lawsuit inconsistent with this order, the Court-approved notice and the established 60-day consent return mailing deadline. Further complaints about the content of the plaintiffs' counsel's website or with any failure to comply with the Court's direction to remove inconsistent information from the website should be directed to Magistrate Judge Wilkerson.

**IT IS SO ORDERED.**
Dated:  July 18, 2011

s/ J. Phil Gilbert<br>
**U.S. District Court Judge**